(99 App. Div. 286)

STEINFELD et al. v. NATIONAL SHIRT WAIST CO. et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. PARTNERSHIP—DISSOLUTION—PURCHASE BY PARTNER—RIGHT TO FIRM NAME.
   Upon the dissolution of a firm, where one of the partners succeeds to the business, he acquires the good will of the firm with the exclusive right, as against the retiring partners, to the use of the firm name, although no express mention of such name is made in the agreement of dissolution.

2. INJUNCTIONS—PRELIMINARY INJUNCTION—WHEN ISSUED.
   Where a retiring partner, who had sold out to his copartner, organized a corporation, and adopted the same name under which he and his partner formerly traded, evidently for the sole purpose of appropriating a portion of the custom of the firm, a preliminary injunction should be awarded at the instance of the purchasing partner to restrain the continued use of such name by the retiring partner, until the question of his right to use such name should be determined.

Appeal from Special Term, New York County.

Action by Solomon Steinfeld and another, trading under the name of the National Shirt Waist Company, against the National Shirt Waist Company and others. From an order denying an injunction pendente lite, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellants.

Arthur H. Parkhurst, for respondents.

McLAUGHLIN, J. This action was brought to restrain the defendants from using the name National Shirt Waist Company, and from selling or offering for sale goods under that name. After the action had been commenced, the plaintiffs, upon the complaint and affidavits, moved for an injunction during the pendency of the action. The motion was denied, and the plaintiffs have appealed.

It appears from the papers used upon the motion that on and prior to July, 1902, the defendant Bernard Broads and one Nathan Steinfeld were copartners doing business in the city of New York under the name of the National Shirt Waist Company, they having complied with the statute (chapter 216, p. 452, Laws 1900) entitling them to use such name; that the copartnership in July, 1902, was dissolved by Broads selling all his interest therein to Steinfeld, who continued to carry on the business theretofore carried on by the firm under the same name, he having also complied with the statute entitling him to use such name, until May, 1903, when he sold all his interest therein, including the good will, to the plaintiffs, who filed the certificate required by statute, and continued to do business under the same name, the National Shirt Waist Company; that the defendant the National Shirt Waist Company is a corporation organized under the laws of the state of New York in August, 1904, and is engaged in doing the same kind of business in the city of New York that the plaintiffs are, under that name; that the capital stock of such corporation is of the par value of $10,000, divided into 100 shares of $100 each, 2 of which are owned by the defendant Bernard Broads, 1 by the defendant Hertz, and the remaining 97 by the defendant David Broads, a brother of Bernard; that at the time of the formation of the corporation all of the defendants were aware of the fact that the plaintiffs then and for some time prior thereto had been carrying on business under the name of the National Shirt Waist Company, and that according to the allegations of the complaint such name was taken by the defendant corporation for the purpose of injuring the plaintiffs by misleading and confusing their customers and the public generally, and that such confusion has actually taken place, and by reason thereof the plaintiffs have been annoyed, and their business has been seriously damaged.

The application for an injunction pendente lite was denied upon the ground, as appears from a memorandum handed down by the learned justice sitting at Special Term, that the dissolution agreement of Broads and Steinfeld did not give to the partner suc-

ceeding to the business the exclusive right to use the name National Shirt Waist Company under which the firm did business. The general rule is that upon the dissolution of a firm, where one of the partners purchases and succeeds to the business, the exclusive right to the use of the firm name passes to the purchaser, although no express mention is made of such name in the agreement of dissolution. Merry v. Hoopes, 111 N. Y. 415, 18 N. E. 714. The purchaser acquires the good will of the firm, and this includes, as against the retiring partners, the exclusive right to use the name under which the firm did business. Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526; Listman Mill Co. v. William Listman Milling Co., 88 Wis. 334, 60 N. W. 261, 43 Am. St. Rep. 907; Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605. See, also, Fisk v. Fisk, Clark & Flagg, 77 App. Div. 83, 79 N. Y. Supp. 37. It is unnecessary, however, to determine at this time whether the plaintiffs have the exclusive right, as against the defendants, to the use of the name National Shirt Waist Company. All that it is necessary to determine is whether or not, upon the facts presented, the court should exercise the equitable power which it possesses to prevent, during the pendency of the action, unfair competition or trade as detailed in the record before us. We think it should. The facts would seem to indicate that the name of the corporation was selected for the sole purpose of appropriating, if possible, a portion of the plaintiffs' business by misleading customers who dealt with them. Whether this were the purpose or not it has that result, and ought not to be permitted until the merits of the action have been passed upon. If the defendant corporation, by reason of the name which it has selected, is not procuring a portion of the plaintiffs' business by misleading or deceiving would-be customers, it could easily right the wrong of which the plaintiffs complain by selecting another name. It certainly ought not to be permitted, in advance of a trial, to mask under the name under which the plaintiffs and its successors have been doing business for a long time, when it is at least inferable that the incorporators of the defendant corporation had actual knowledge that the name selected for the corporation was the same one under which the plaintiffs were doing business.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, upon the plaintiff giving an undertaking, the amount and sufficiency of which to be determined upon the settlement of the order. All concur.