# Mobile Transfer Co., *et al. v.* Schwarz.

### Enjoining Use of·Trademark.

(Decided January 20, 1916.   70 South. 640.)

1. **Trademarks and Names; Injunctions; Defenses.**—Where complainant was doing business under the name of "Mobile Transfer" and the respondent adopted the name "Mobile Transfer Co., Inc.," injunctive relief will not be denied plaintiff on the ground that he wrongfully assumed the name of a dissolved corporation, of which he had been receiver; it not appearing that any wrong, fraud or injury had been done or would be done the public, or stockholders or creditors of the dissolved corporation by the use of such name, or that respondent was claiming under or through the dissolved corporation, its stockholders or creditors.

2. **Same; Grounds.**—To warrant an injunction against the use of a trademark or trade name, the existence of the trade mark, the fact of an imitation, either directly. or with merely ·colorable variations, together with the fact that such imitation is without the consent or. acquiescence of the owner, must appear.

3. **Same.**—Where complainants had long been engaged in business under a particular name, and respondent embarked in the same business, under substantially the same name, with the intention of deceiving customers by inducing them to believe that it is complainant's business, and he does so deceive them, a proper case is presented for injunctive relief.

4. **Same; Defenses.**—Where complainant was doing business under the trade name of Mobile Transfer, it was no defense to an action to enjoin defendant from using the name "Mobile Transfer Co., Inc.," that defendant had incorporated under such name, since complainant was not a party to the proceedings, and was not bound by the act incorporating defendant.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Robert C. Shwarz against the Mobile Transfer Company, Incorporated, and others, to enjoin the use of a trade name or trade mark. Decree for complainant, and respondents appeal. Affirmed.

TOMPKINS & KIRKPATRICK, for appellant. HUGH M. CAFFEY, JR., for appellee.

MAYFIELD, J.—The bill is filed by appellee to enjoin appellant from the use of a trade-name so similar to that of appellee as to tend to deceive or mislead the public and to cause it to be-

lieve that it is dealing with the complainant, appellee. Appellee's trade-name is "Mobile Transfer," while that of appellant is "Mobile Transfer Company, Inc." There can be no doubt that the similarity of the two names is great enough to lead to such confusion, and to deceive the public by inducing it to deal with the one, when it intended to deal with the other. Both appellant and appellee are engaged, as their names indicate, in the transfer business, and they are therefore serving the traveling public. The evidence showed that confusion as to mail and business had occurred on account of such similarity of the trade-names. The evidence also showed that it was not to the interest of the public that both companies should operate under names so similar one to the other. The evidence showed further that the business of appellee was injured by appellant's use of the similar name.

(1) It is contended by appellant that appellee wrongfully acquired its name by assuming that of an insolvent corporation which was dissolved by the chancery court, that appellee was the receiver of such corporation, and that the assumption of the name of the dissolved corporation by him, when he was or had been receiver of such corporation, was a fraud upon the stockholders thereof, and therefore that appellee does not come into court with clean hands.

Without deciding whether or not appellee had, or had acquired, the right to use the name of the insolvent corporation of which he was receiver, dissolved while he was acting in such capacity, or to use a name similar thereto, it is a sufficient answer to say that appellant does not claim under or through the rights of the dissolved corporation, or through any of its stockholders or creditors. In other words, appellant is a stranger to the defunct body corporate, and there is no evidence to show or tending to show that any fraud, wrong, or injury has ever been done or ever will be done the public, or to such stockholders or creditors, by the use of the borrowed name by appellee. Appellee's use of the corporate name, or of a similar name, gives appellant no right to use the business name of appellee. If appellant is wrongfully using appellee's business name, it cannot defend by showing that appellee wrongfully acquired the name from a third party provided such acquisition and use of the name by him is no wrong or fraud against the public or against ap-

pellant. In the absence of wrong or fraud against the public or against the appellant, the court will not inquire into the question whether appellee rightfully acquired the trade-name which appellant is infringing upon or using to the wrong and injury of appellee. It also appears that appellee acquired the right to use his trade-name, or, at least, that he was so using it, prior to the time appellant was incorporated or began to use its trade-name.

(2, 3) Mr. High, in his work on Injunction, states the rule as to when equity will enjoin the use of a trade-mark or a trade-name as follows: "To warrant the exercise of equitable jurisdiction in these cases, there must be: First, the existence of a trade-mark; second, the fact of an imitation, either directly or with such variations as are merely colorable; and third, the fact that such imitation is made without the license or acquiescence of the owner. And courts of equity, in granting relief by injunction in this class of cases, proceed upon the principle that it is a fraud upon one who has established a trade and carried it on under a given name to permit another to assume that name, or the same name with a slight alteration, in such manner as to induce persons to deal with him in the belief that they are dealing with one who has given a reputation to that name. Where, therefore, plaintiffs have long been engaged in a given locality under a particular name, and defendant embarks in the same business under substantially the same name, with the intention of deceiving purchasers by inducing them to believe that it is plaintiff's business, and he does so deceive them, a proper case is presented for relief by injunction."—Volume 2, p. 1069, § 1085.

(4) It was no defense that the appellant incorporated under the name by which it is doing business. Appellee was not a party to the proceedings by which appellant was incorporated, and, of course, was not bound by the acts or the proceedings of the court in which appellant was incorporated; while section 3446 of the Code provides that: "No name shall be assumed which is identical with that of any corporation already existing in this state, or so nearly similar thereto as to lead to confusion and uncertainty, nor shall the name of any person or partnership be assumed without the addition of some word or words designating the nature of at least one of the businesses to be carried on, followed by the word 'company,' or 'corporation,' and 'Inc.'"

[Tumlin, et al. v. Tumlin, et al.]

This name assumed by the appellant when incorporated is not binding or conclusive on third parties, who were not, and could not be made, parties to the proceeding to incorporate.

It therefore follows that the decree of the chancellor must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.