GEORGE KREMER, Appellant, *v.* WILLIAM KREMER and Others, Respondents.

First Department, December 2, 1927.

**Trade-marks and trade names — unfair competition — action for injunction restraining defendants from using lists of customers and other confidential information, from enticing away plaintiff's employees and from representing that they are conducting branch of plaintiff's business — defendants were engaged by plaintiff to work in his business — subsequently one of defendants and plaintiff's son purchased plaintiff's business — before purchase price was fully paid said defendant was relieved of obligation of contract — while defendants were in plaintiff's employ they copied names of plaintiff's customers and have circularized several thousand of plaintiff's customers — defendant who was one of purchasers of plaintiff's business did not retain good will when relieved from contract — injunction pendente lite granted — defendant cannot raise for first time on appeal question of defect of parties plaintiff.**

The plaintiff was for many years engaged in the hair dressing business in New York city and had many thousand customers. The defendants were employed by him in 1924 and on January 1, 1927, one of the defendants and the plaintiff's son purchased the plaintiff's business, and part of the purchase price was paid down and said defendant and plaintiff's son assumed control of the business, but before the remainder of the purchase price was due said defendant asked to be relieved of his contract and was relieved by the plaintiff and executed a general release. During the time the defendants were employed by the plaintiff and during the time that one of the defendants was part owner of the business, they copied the names and addresses of 10,000 customers and after said defendant was relieved of his contract and established his present business, the defendants circularized 9,000 customers of the plaintiff and in other ways have endeavored to secure plaintiff's trade. The plaintiff is entitled to an injunction *pendente lite* restraining the defendants from using the list of customers and other confidential information which they acquired while in plaintiff's employ, and while one of the defendants occupied the relationship of partner in the business, and restraining them from enticing away the employees of the plaintiff and in other ways unfairly competing with the plaintiff.

The contention by the defendants that when the defendant who purchased a part interest in the business was relieved from his contract he still retained the good will which he purchased and that he had the right to endeavor to obtain the patronage of the old customers of the business cannot be sustained, for the transaction is not similar to one where a partnership is dissolved but is similar

to a case where one partner sells out his interest to another, in which case the party selling out will not be permitted to detract from what he has sold by soliciting old customers.

Defendants cannot raise for the first time on appeal the question of a defect of parties plaintiff.

APPEAL by the plaintiff, George Kremer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of July, 1927, denying plaintiff's motion for a temporary injunction.

*John Godfrey Saxe* of counsel [*Pfeiffer & Crames*, attorneys], for the appellant.

*Samuel A. Berger* of counsel [*Carl F. Helm* and *George I. Gross* with him on the brief; *Samuel A. Berger* and *Carl F. Helm*, attorneys], for the respondents.

FINCH, J. The question presented by this appeal is the right of the plaintiff to an injunction *pendente lite*, restraining one whose interest in a business the plaintiff purchased, from using lists of the customers and other confidential information contained in the business files, which said defendant copied while occupying the confidential relation of a partner in the business; also restraining the defendants from enticing away the employees of the business and from so holding out themselves in a competitive business as to convey the impression that the defendants are conducting a branch of the former business. The plaintiff is entitled to the relief demanded.

The facts, in so far as necessary to show the grounds for the decision, briefly are as follows: The plaintiff has been engaged for twenty years in a hair dressing business, which occupies three entire floors, employs sixty to seventy operators, and has a gross business of from $80,000 to $100,000 annually. During his twenty years in business he has had more than 100,000 customers. On July 15, 1924, the plaintiff made an agreement with his two nephews, William Kremer, thirty-two years of age, and Joseph Kremer, twenty-three years of age, and with his son, George, Jr., and two other young men, for their continued employment in his establishment, pursuant to which William was to receive $100 a week and Joseph $40 a week, subject to increases and with a share of the profits. On December 7, 1926, the plaintiff made a substitute agreement, whereby he sold his business to Joseph and his son George, Jr., to take effect January 1, 1927, selling each a half interest for $20,000. The payments to be made were $10,000 upon the execution of the agreements, which were paid, and the balance to be paid in September, 1927 and 1928. The latter payments were not made as Joseph, on April 21, 1927, came to the

plaintiff and asked to be relieved from his agreement to purchase, and on April 29, 1927, William and Joseph announced that they were going out for themselves. On May 12, 1927, the plaintiff purchased back Joseph's one-half interest in the business by giving him a check for the balance due him. Joseph completed the cancellation of the purchase of his one-half interest by executing to the plaintiff a general release. They parted in a friendly spirit and the plaintiff had no objection to William and Joseph using their own name of "Kremer Bros."

The plaintiff, in connection with his business, had maintained two complete card systems. One of these card systems consisted of the names and addresses of 10,000 customers; the second consisted of 8,000 index cards containing, in addition to the names and addresses of the customers, the treatment that the customers were receiving and the name of the operator and the date of the treatment. The defendants copied these cards and now have the copies under lock and key in their establishment in the basement of their building, and have proceeded to circularize 9,000 of the customers and to use the cards. The plaintiff annexes to his moving affidavits a list of no less than 926 customers who actually came to his establishment and told him that they had received such circulars. Apparently also these defendants are seeking to obtain business by telling these prospective customers that the plaintiff has moved to their address.

The only defense urged on behalf of these defendants is that Joseph was a partner in the business for a short time, namely, from January 1 to April 30, or May 12, 1926, that is, the time between the date when he purchased a half interest in the business and the date when he released to the plaintiff whatever rights he had under the said agreement of purchase which he failed to complete. The defendants urge that Joseph bought the good will from the plaintiff and did not sell it back to the plaintiff when he released his interest to the plaintiff pursuant to his request to be relieved from his agreement of purchase. The mere statement of this proposition carries its own refutation. Joseph asked to be relieved from his purchase, and hence the resale, without express reservation, carried back to the plaintiff whatever he had sold. So complete did the parties make the relinquishment, that they obtained from Joseph, when he was relieved from his contract, a general release. Proceeding upon this false premise that Joseph, by going half way through with his agreement of purchase and then canceling the same, thus obtained a good will which he did not give back, the defendants proceed to argue that the parties were in the situation of two partners who separate, in which case

the courts have held that each partner has a right to endeavor to obtain the patronage of the old customers. In such a case, however, neither partner has sold to the other the business. The case at bar is distinctly not such a case. The courts have clearly held that where one partner sells out to the other, the partner selling out will not be permitted to detract from what he has sold by soliciting the old customers. Such is the case of *Von Bremen* v. *MacMonnies* (200 N. Y. 41). If this is true as to partners selling out, it is likewise true where one vendor sells a business to another. In other words, if nothing is said as to the good will, it is held that it goes along with the business. (*Steinfeld* v. *National Shirt Waist Co.*, 99 App. Div. 286; *Merry* v. *Hoopes*, 111 N. Y. 415; *Menendez* v. *Holt*, 128 U. S. 514.) The plaintiff, therefore, is entitled to the relief which he seeks.

The defendants raise for the first time upon this appeal that there is a defect of parties plaintiff in that George Kremer, Jr., who upon this record appears as a partner of the plaintiff and owner of one-half of the business, is not joined as a party to the action. In an action of this nature where the plaintiff is merely seeking to protect the joint property for the benefit not of himself individually but on behalf of the partnership, the defendants have waived this defect by not urging it at Special Term. (Civ. Prac. Act, § 278.) In *Porter* v. *Lane Construction Corporation* (212 App. Div. 528, 531) Mr. Justice CROUCH for a unanimous court said: " If the partial assignee sues without bringing in the others, there is a defect of parties. If the debtor, for whose benefit alone the rule against splitting exists, desires to object, and thus protect himself, he may move under section 278 of the Civil Practice Act. If he omits to do so, he waives the defect and again consents to the action by the partial assignee alone. (*Dickinson* v. *Tysen*, 125 App. Div. 735, 737; *Carvill* v. *Mirror Films, Inc.*, 178 id. 644; affd., 226 N. Y. 683.) "

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.