HENRI PETETIN, INC., v. BAUDEAN, INC.

(November 16, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Refused.)

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for plaintiff, appellant.

Charles J. Rivet, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff, Henri Petetin, Inc., sought to have the court issue an injunction to restrain the defendant, Baudean, Inc., from listing in the telephone directory its former name, Petetin-Baudean, Inc., and also to restrain the Southern Bell Telephone Company from carrying the alleged improper listing.

The telephone company, in its return to the rule nisi, averred that it had no interest in the controversy, and submitted the matter to the court. The defendant, Baudean, Inc., filed an exception of no right or cause of action, and also a return to the rule nisi, which was then tried on affidavits submitted by the plaintiff and the defendant. The judge, a quo, sustained the exception of no right or cause of action, and denied the application for a writ of injunction, and dismissed the plaintiff's suit. Plaintiff has appealed.

There is no dispute about the facts in the case, and, from the petition and affidavits filed by both parties, it appears that Henri Petetin and Henry Baudean caused to be incorporated a corporation by the name of Petetin-Baudean, Inc., on July 31, 1916, the objects and purposes of which were to engage in the stationery and office supply business in the city of New Orleans. A disagreement arose between these gentlemen, and Henri Petetin withdrew from the business some time in January, 1927, and organized the corporation of Henri Petetin, Inc., the objects and purposes of which were to engage in the stationery and office supply business. On January 28, 1927, Petetin-Baudean, Inc., amended its charter by changing the name to Baudean, Inc., and listed with the telephone company both the original and subsequent corporate names. Plaintiff called upon the telephone company and the defendant to desist from the listing of the name of Petetin-Baudean, Inc., as it was unfair competition and designed for the purpose of misleading the public, and, both defendants having refused to comply with this request, the present suit was filed.

The plaintiff contends that, as the word "Petetin" forms no part of the new name of the corporation, Baudean, Inc., has no right to list the name of Petetin-Baudean, Inc., in the telephone directory, because such improper listing is misleading, and tends to cause the public and prospective purchasers of stationery and office furniture to believe that Henri Petetin, the president and major stockholder of the plaintiff corporation, is still connected with Baudean, Inc., when, in fact and in truth, he is engaged in a competing business.

Defendant contends that it is a prior trader, and, as such, entitled to all of the trade and good will built up under the name of Petetin-Baudean, Inc., and the fact that it changed its corporate name does not deprive it of its property rights, which it acquired under the prior name of Petetin-Baudean, Inc., and that it is entitled in law and equity to enjoy the good will, trade, and reputation acquired under that name.

The rule of law applicable to the case is concisely stated by the court in Borden Ice Cream Co. et al. v. Borden's Condensed Milk Co. (C. C. A.) 201 F. 510, 513, as follows:

"Relief against unfair competition is granted solely upon the ground that one who has built up a good will and reputation for his goods or business is entitled to all of the resultant benefits. * * *

"The question to be determined in every case of unfair competition is whether or not, as a matter of fact, the name used by the defendant had come previously to indicate and designate the complainant's goods. * * *

"It has been said that the universal test question in cases of this class is whether the public is likely to be deceived as to the maker or seller of the goods. This, in our opinion, is not the fundamental question. The deception of the public naturally tends to injure the proprietor of a business by diverting his customers and depriving him of sales which otherwise he might have made. This, rather than the protection of the public against imposition, is the sound and true basis for the private remedy. That the public is deceived may be evidence of the fact that the original proprietor's rights are being invaded. If, however, the rights of the original proprietor are in no wise interfered with, the deception of the public is no concern of a court of chancery."

In Chas. S. Higgins Company v. Higgins Soap Company, 144 N. Y. 462, 39 N. E. 490, 491, 27 L. R. A. 42, 43, Am. St. Rep. 769, the court said:

"* * * An injunction lies to restrain the simulation and use by one corporation of the name of a prior corporation which tends to create confusion, and to enable the later corporation to obtain, by reason of the similarity of names, the business of the prior one." See, also, Herring-Hall Marvin Safe Co. v. Hall's Safe Co., 208 U. S. 554, 28 S. Ct. 350, 52 L. Ed. 617; Mobile Transfer Co. v. Schwarz, 195 Ala. 454, 70 So. 640; 38 Cyc. 771.

The rule is stated as follows in 14 Corpus Juris, p. 332:

"A corporation which purchases all the property and franchises of another, except its franchise to be a corporation, acquires its good-will, and with it the right to use its name in such manner as to indicate that it is the successor of the corporation whose business and good-will it has purchased, and may sue, even though not at present using the name, to enjoin another corporation from using the same." Metropolitan Tel., etc., Co. v. Metropolitan Tel., etc., Co., 156 App. Div. 577, 141 N. Y. S. 598; Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605; Steinfeld v. National Shirt Waist Co., 99 App. Div. 286, 90 N. Y. S. 964.

Applying the above rule of law to the present case, we observe that the plaintiff organized a competitive business subsequent to the creation of the defendant corporation and adopted a name sufficiently similar to the original name of the defendant, under which it (defendant) had built up its business, tending to cause confusion, not only on the part of old customers, but prospective ones. In order to obviate any loss of patronage and to let its former and future patrons know where its business was located, the defendant simply carried the listing of its original name in the telephone directory. The defendant being a prior trader, and having established a business reputation and good will under its original name for a number of years in this particular kind of business, and the plaintiff thereafter having organized a competitive business and adopted a similar name, the latter is not entitled either in equity or law to injunctive relief.

We are of the opinion that the exception of no cause or right of action was properly sustained.

For the reasons assigned, the judgment is affirmed.