LAND, Justice.
 

 On April 3, 1936, relator, Mrs. Mildred Del Bondio Treigle, sold to respondent, J. Ulrich Albrecht, “her real estate business known as
 
 Del Bondio, Real Estate,
 
 conducted in the City of New Orleans, including furniture and furnishings in the premises 415 Carondelet Street, listings, signs, etc., and all business and contracts entered into after April 3, 1936.”
 

 This act of sale also contains the following clause: “It is particularly understood and agreed
 
 that the right to use the name
 
 Del Bondio, Real Estate is granted to the said Albrecht
 
 exclusively,
 
 but with the dis
 
 *505
 
 tinct understanding that if
 
 the said Al-brecht should go out of the real estate business he shall not have the right to transfer the use of said name,
 
 or further that he shall not have the right to use said name in any corporation to be organized by him.”
 

 This sale was made for the consideration of the sum of $1,500, $500 being paid in cash, and the balance of $1,000 to be paid at the rate of $25 per month.
 

 On July 22, 1937, J. U. Albrecht filed a petition in the civil district court, parish of Orleans, against Mrs. Mildred Del Bon-dio Treigle for damages in the sum of $3,500, alleging that defendant was conducting a real estate business in the city of New Orleans, in the name of “Del Bondio
 
 Co.,
 
 Real Estate,” a name so similar to “Del Bondio, Real Estate,” of which he had the exclusive use under the act of sale, as to mislead and tend to confusion, and as to divert business intended for petitioner to the new company operated by defendant.
 

 Petitioner also alleged that defendant had caused to have listed with the Southern Bell Telephone & Telegraph Company a telephone under the name of “Del Bon-dio
 
 Co.,
 
 Real Estate, No. 415 Carondelet Street,” from which petitioner had moved to No. 336 Baronne street, and which defendant had leased immediately upon his removal.
 

 Alleging that the acts of defendant constitute a violation of the contract of sale made to him by defendant, as well as unlawful infringement of his trade-name and unfair competition, that he is without adequate remedy at law for the protection of his rights, and that irreparable and immediate injury, loss and damage will result, petitioner applied to the civil district court for, and obtained from Judge Hugh C. Cage, a temporary restraining order, to be issued immediately and without hearing, enjoining defendant, her agents, attorneys, and employees, from using “the name Del Bondio-Real Estate, or Del Bondio Co., Real Estate, or Del Bondio, or any similar confusing name in the operation of her or their real estate business in this City and State, and that the Southern Bell Telephone and Telegraph Co. be enjoined from publishing in their telephone directory the name Del Bondio Co. Real Estate, located at No. 415 Carondelet Street, designated by the telephone number Main 2402,” etc.
 

 This temporary restraining order was made effective for a period of ten days, unless sooner dissolved, upon plaintiff furnishing bond in the sum of $800.
 

 A rule nisi was also issued ordering all defendants to show cause on July 29, 1937, at 1.1 o’clock a. m. why a preliminary injunction should not issue as prayed for. After hearing on that date, the rule nisi was made absolute and a preliminary writ of injunction was ordered to issue, upon plaintiff furnishing bond in the sum of $1,500. All costs were assessed against defendant, Mrs. Mildred Del Bondio, wife of C. V. Treigle.
 

 1. Relator attempted to dissolve the preliminary injunction on the ground
 
 that respondent, Albrecht, had abandoned his business
 
 and had turned same over to the
 
 *507
 
 office of Charles Kirsch & Co., and that Charles Kirsch & Co. had erected signs on the property theretofore listed for sale and for rent by “Del Bondio, Real Estate.”
 

 If relator had established such fact, respondent would have lost his right, under the plain terms of the sale, to further use, or transfer of the use, of the trade-name, and that right would have reverted to relator.
 

 But after a full hearing, it was established to the satisfaction of the trial judge that Albrecht had not abandoned his business, but had only moved his office from No. 415 Carondelet street, the old stand, to a new location at No. 336 Baronne street. One half of the building was occupied by “Del Bondio, Real Estate,” and the other half occupied by Charles Kirsch & Co. Albrecht positively denies on the witness stand any sale of his business to Charles Kirsch & Co., and Charles Kirsch fully corroborates his testimony.
 

 Mrs. Mildred Del Bondio Treigle testified at this hearing as follows:
 

 “Q. You had no conversation yourself with'Mr. Albrecht?
 

 “A. No.
 

 “Q. Do you know whether or not Mr. Albrecht sold that business to Mr. Kirsch?
 

 “A. No, I don’t.” T. Testimony, p. 4.
 

 Beulah E. Phillips, witness for defendant, testified:
 

 “Q. Have you had occasion to talk to Mr. Albrecht since he formed a connection with Mr. Kirsch?
 

 “A.
 
 Yes, several times.
 

 “Q. Has he told you since he formed that connection that he sold or transferred the business to Mr. Kirsch?
 

 “A. No.
 

 “Q. He made no sale?
 

 “A. He did not mention the fact one-way or the other.” T. Testimony, p. 5.
 

 The above are all the witnesses for defendant who took the stand, to prove the transfer of the “Del Bondio, Real Estate,”' business by Albrecht to Charles Kirsch & Co.
 

 Mrs. Mildred Del Bondio admitted at the hearing that she had the word “Company” inserted in the trade-name' “Del Bondio, Real Estate,” so as to read “DeL Bondio
 
 Co.,
 
 Real Estate”, and also had a telephone in that name. T. Testimony, p~ 5.
 

 2. Under this state of facts, the motion to dissolve the preliminary injunction was overruled, and a suspensive appeal was refused by Judge Harold Moise of the civil district court, acting in the place of Judge Hugh C. Cage. Thereupon, relator applied to this court for the writs in this case.
 

 How relator can suffer any irreparable injury, during the pendency of a devolu-tive appeal, is difficult to understand, since she has sold her trade-name to respondent, who still retains the title.
 

 We do not find, therefore, any good reason or necessity for granting a suspen-sive appeal, nor do we find that Judge-Hugh C. Cage abused his sound discre
 
 *509
 
 tion in granting the preliminary injunction in this case.
 

 “An injunction lies to restrain the simulation and use by one corporation of the name of a prior corporation which tends to create confusion, and to enable the later corporation to obtain, by reason of the similarity of names, the business of the prior one.” Chas. S. Higgins Co. v. Higgins Soap Co., 144 N.Y. 462, 39 N.E. 490, 491, 27 L.R.A. 42, 43 Am.St.Rep. 769. See, also, Herring Hall-Marvin Safe Co. v. Hall’s Safe Co., 208 U.S. 554, 28 S.Ct. 350, 52 L.Ed. 616; and Mobile Transfer Co. v. Schwarz, 195 Ala. 454, 70 So. 640.
 

 Where plaintiff conducted a restaurant for five years under the name of “Marble Hall Branch,” refusal to grant a preliminary injunction to restrain the use by defendants of the trade-name, “Marble Hall Branch No. 3,” to designate their restaurant business two blocks away, was held as error. Marcev v. Mandich et al., 158 La. 15, 103 So. 389.
 

 “No one will be permitted to use even his own name with the fraudulent intention of appropriating the good, will of a business established and built up by another person of the same name.” Gottdiener v. Joe’s Restaurant Inc., 111 Fla. 741, 149 So. 646, 647.
 

 It is well settled that trade-names will be protected against unfair use, simulation, or imitation, and that injunction is the proper remedy.
 

 It is therefore ordered that the rule nisi issued herein be recalled, that the temporary stay order herein granted be vacated, and that relator’s application for writs be denied, at relator’s cost.
 

 HIGGINS, J., takes no part.