James D. Hopkins, J.
The plaintiff applies for a temporary injunction restraining the defendants, former employees, from soliciting and serving plaintiff’s customers. On October 31, 1960, plaintiff purchased a diaper service business; both defendants had been employees of the business, the defendant Adelman as supervisor-salesman for some four or five years, and the defendant Mund as a routeman-salesman for some seven or eight years. Within two or three days of the purchase, Adelman left plaintiff’s employment voluntarily; within 10 days of the purchase, Mund left plaintiff’s employment voluntarily. Shortly thereafter, Adelman commenced his own diaper service business, and employed Mund as a routeman.
The plaintiff has since found that prospective customers who had made reservations for service have cancelled their reservations and have instead engaged the service of the defendant Adelman ; other customers previously served by the plaintiff have can-celled their commitments and are now served by the defendants. These prospective and actual customers had been procured or served by Mund while employed by the plaintiff or plaintiff’s predecessor. In addition, it appears that Adelman had access to plaintiff’s list of customers, and Mund had served approximately 200 of the plaintiff’s customers.
*1096 The defendants’ resistance to the application stems-from their claim that the former customers of the plaintiff now served by them sought their service because of dissatisfaction with the plaintiff, rather than because of solicitation. This explanation stretches credulity, in light of the undenied circumstance that the defendants became the beneficiaries of the dissatisfaction within a short time after Adelman established his competing service. The defendants further contend that in many instances the customers changing their patronage were motivated by their desire to continue business with Mund. Nevertheless, the affidavits produced from such customers are stereotypes which are not convincing under the factual pattern, and do not persuade the court that some solicitation, however indirect and vaguely phrased, did not precede the discontinuance of plaintiff’s service. Finally, the defendants point out that neither of them were under any contractual duty not to compete with the plaintiff.
Absent a contractual agreement not to compete, it is still considered inequitable for a former employee to take advantage of his employer’s trade secrets to compete with him after leaving the employment (Tabor v. Hoffman, 118 N. Y. 30; Kremer v. Kremer, 221 App. Div. 747). The scope of confidential knowledge embraced within the general term of reference of trade secrets applies to customer lists and contacts, where the nature of the business demands a considerable effort in building up patronage (cf. People’s Coat, Apron & Towel Supply Co. v. Light, 171 App. Div. 671, affd. 224 N. Y. 727). The distinctive test between the sanctioned practice of' competition and the condemned practice of breaching a confidence reposed in an employee is whether the customers have been gathered by an unusual amount of time, effort and money in a business not appealing to the general public or even to a segment of the public to be easily found in a public directory (Town & Country House & Home Serv. v. Newbery, 3 N Y 2d 554; McLean v. Hubbard, 24 Misc 2d 92).
The necessary characteristics of that test are present here. The nature of a diaper service business, it is most obvious, requires the exercise of considerable skill and energy in finding and making contact with prospective customers; and the patronage may be perforce of limited duration. Hence, the maintenance of a customers’ list and the customers themselves have such a value as to constitute virtually the stock in trade of the business. In such a setting, solicitation by former employees represents a breach of confidence which equity will restrain. In such a setting, the defendants’ protestations of innocence have a disingenuous ring, as adverted to above.
*1097 The plaintiff’s application is granted. The restraining order here sought enforces merely the content of a duty which equity induces; and if not granted, clearly the plaintiff would suffer irrevocable, injury.