186 So.2d 402 (1966)
The DYNASTY ROOM, INC., d/b/a Whiskey-A-Go-Go
v.
WHISKEY-A-GO-GO, INCORPORATED.
No. 2228.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1966.
Richard J. McGinty, Jr., of Bridgeman & McGinty, New Orleans, for plaintiff-appellee.
William B. Morgan, II, Talbot, Morgan, Von Hoene & Becker, New Orleans, for defendant-appellant.
Before McBRIDE, YARRUT and SAMUEL, JJ.
McBRIDE, Judge.
In this case, which was consolidated with another for trial, defendant has prosecuted an appeal from a judgment ordering the issuance of a preliminary injunction enjoining it, its agents, employees and all other persons, firms and corporations, acting or claiming to act on its behalf, from using within the State of Louisiana, any reproduction, copy, or colorable imitation of the trade name "Whiskey-A-Go-Go" or any other name deceptively similar thereto. Plaintiff sought such injunctive relief under the provisions of R.S. 51:211 et seq., relative to trade marks and trade names.
Plaintiff alleged it had been engaged in the business of operating what is known as a cocktail lounge in New Orleans under an *403 alcoholic beverage license for many years, and in February, 1965, it began using the trade name "Whiskey-A-Go-Go" in connection with its business; that to the best of its knowledge this was the first use of said name in this geographical area and particularly in the State of Louisiana. The petition then alleges that about six months subsequent to plaintiff's adoption and use of said trade name defendant corporation was organized, using plaintiff's trade name in its corporate title with the full knowledge that plaintiff had proprietary rights in said trade name in New Orleans and had established a reputation and good will thereunder, and that such action by defendant corporation was a deliberate attempt to appropriate plaintiff's trade name and to capitalize on plaintiff's good will, reputation and prior advertisements, all of which in effect constituted unfair trade practices.
Defendant did not file an answer to the petition before proceeding to trial on the rule nisi. In this court defendant in its brief contends that it has the exclusive right to use the name "Whiskey-A-Go-Go" by virtue of its corporate title and that its said right should be protected; further, that plaintiff was not the originator of said trade name but had appropriated the same from other users thereof.
Plaintiff, The Dynasty Room, Inc., holds an alcoholic beverage license and operates a cocktail lounge at 6233 South Claiborne Avenue in this city; defendant, Whiskey-A-Go-Go, Incorporated, also is the holder of an alcoholic beverage license and engages in an identical business at 231 Bourbon Street. The pertinent facts developed in the case are not in dispute. In the latter part of 1964 The Dynasty Room, Inc., conceived the idea of operating its business under the trade name "Whiskey-A-Go-Go" which name had been in use by others in other geographical locations; it is supposed that the name originated in France; until plaintiff's use thereof the name had never been introduced into Louisiana and plaintiff was the first user within this state. On September 1, 1965, plaintiff, which had formerly done business under another trade name effected a change thereof to "Whiskey-A-Go-Go" with the Department of Finance of the City of New Orleans as is shown by a certificate issued by the Revenue Collection Supervisor. On February 1, 1965 plaintiff began advertising its business in the local newspapers under the "Whiskey-A-Go-Go" trade name and continued to do so uninterruptedly until the present law suit was filed on August 31, 1965. On August 20, 1965 plaintiff recorded the trade mark "Whiskey-A-Go-Go" with the Secretary of State under the provisions of R.S. 51:212. In addition to the newspaper advertising, plaintiff also maintained and operated a large neontype sign on its premises containing the name "Whiskey-A-Go-Go". Plaintiff's business prospered and can be said to have been successful.
The record shows that one Anthony Robino and his wife were the prime movers in organizing "Whiskey-A-Go-Go, Incorporated". It cannot be gainsaid that by adopting plaintiff's trade name as the corporate title the incorporators intentionally endeavored to capture plaintiff's trade name and compete with plaintiff in an identical business. Robino admits as much in his cross-examination.
Merely because a disputed trade name was used in its corporate title gave defendant no proprietary rights in a name which had been appropriated and used by plaintiff for some months prior to the advent of defendant corporation. In granting a corporate charter the State did not adjudicate the legal right of the corporation to the unlimited use of the corporate name and such name cannot be used to deceive.
Defendant does not have the right to use the name under which it was chartered when the name was selected with the intention of appropriating the good will of a business established by plaintiff under the name "Whiskey-A-Go-Go". The defendant's contention that it has the exclusive right to use its corporate name is fully answered in the negative by the Supreme *404 Court in New Orleans in Checker Cabs Company v. Mumphrey, 205 La. 1083, 18 So.2d 629. Therein the Court quoted from Albrecht v. Del Bondio, 188 La. 502, 177 So. 587, 588, thus:
"A person may not use even his own name with the fraudulent intention of appropriating the good will of a business established and built up by another person of the same name."
Notwithstanding that "Whiskey-A-Go-Go" had been in prior use as a trade name in some distant localities did not prevent plaintiff from introducing said trade name in Louisiana, where it had never before been used, and from acquiring proprietary rights therein by virtue of the use of the name in this locality. The law is that, as between conflicting claimants to the right to use a trade mark, or name, priority of appropriation does not mean that he who first employed the mark or name at any place has the better right every place, but rather he who first employed the mark or name in a particular market has the better right in that market. See Gallo v. Safeway Brake Shops of Louisiana, Inc., La.App., 140 So.2d 912, in which many authorities are cited by the Court. Therein the Court extracted the following quotations from the general rule of law as expressed in 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition, § 7 at page 234:
"As a general rule, the adoption of a trade-mark does not project the right of protection in advance of the extension of the trade, or operate as a claim of territorial rights over areas into which it thereafter may be deemed desirable to extend the trade. * * *
"The right to its exclusive use extends only to those markets where the trader's goods have become known and identified by his use of the mark; and so one who has acquired a trade-mark and used it in a limited territory ordinarily does not thereby acquire a prior right to its use in an entirely different territory."
According to the evidence adduced at the trial of the rule nisi for a preliminary injunction, it clearly appears that defendant infringed on plaintiff's established trade name and is offering plaintiff unfair competition which entitles plaintiff to a writ of a preliminary injunction.
The judgment appealed from is affirmed and the matter is remanded to the district court for further proceedings in accordance with law; costs of this appeal shall be borne by defendant-appellant while all other costs are to await a final determination of the matter.
Affirmed and remanded.