KLEES, Judge.
Defendant Covington Management Corporation appeals from the granting of a preliminary injunction prohibiting any further use by it of the trade name “Visko's” and the service mark related thereto. We find that the injunction was properly granted, and therefore affirm.
Since the early 1970’s, Visko’s, Inc., a Louisiana corporation, had operated a highly successful seafood restaurant known as “Visko’s Restaurant” in Gretna, just across the Mississippi River from New Orleans. The restaurant was initially owned by Joseph Vuskovich, president of the corporation, and his brother Vincent, who together derived the name “Visko’s” from their grandfather’s name. In 1977, Vincent died, and Joseph became the sole owner of Vis-ko’s, Inc.
In 1974, the trademark “Visko’s” was formally registered by the corporation with the state of Louisiana, thus giving the corporation the exclusive right to use the name. By law, the registration was to be renewed every ten years. La.R.S. 51:216. In 1979, the corporation also registered with the United States Patent and Trademark Office a service mark, which is a pictorial representation of the trade name. The trade name and service mark continued to be used by the corporation in connection with Visko’s Restaurant, which enjoyed a good reputation in the New Orleans metropolitan area and was very successful, grossing nearly $4,000,000.00 in 1984.
In 1984, Joseph Vuskovich was approached by his second cousin, Fred E. Johns, Jr., president of Covington Management Corporation, with a proposal to purchase the restaurant. Because the property on which the restaurant is situated was not available for sale at that time (one-half the ownership was tied up in the succession of Vincent Vuskovich), Visko’s, Inc. and Covington entered into a written management agreement whereby Covington received the right to operate Visko’s restau *135 rant in return for fulfilling certain obligations under the agreement, which went into effect on May 1, 1984.
During the term of the management agreement, Covington was given the right to use the trade name “Visko’s” and related service mark in connection with the restaurant in Gretna as well as any other full service restaurant owned and/or operated by Covington in either Jefferson or Orleans Parish. Pursuant to the agreement, Cov-ington opened a seafood restaurant in New Orleans known as “Visko’s in the Jax Brewery.”
Under the management agreement, Cov-ington was obliged to pay a monthly commission to the owner of the restaurant and to refrain from incurring any debt in the name of Visko’s, Inc. Covington failed to perform these obligations, and on May 17, 1985, Joseph Vuskovich sent a letter to Covington informing it that Visko’s, Inc. was immediately exercising its contractual option to cancel the management agreement by virtue of Covington’s default.
Because Covington refused to vacate the premises, Joseph Vuskovich instituted in the district court in Jefferson Parish a rule to evict Covington from the Gretna restaurant. On the date that the rule was scheduled to he heard, the parties entered into a stipulation which resulted in a formal consent judgment being rendered by the court on June 28, 1985. Pursuant to this judgment, Covington agreed to undertake certain steps toward the eventual purchase of the restaurant in return for the management agreement continuing in effect until all the prerequisites to the sale were accomplished. The consent judgment specifically provided that if Covington failed to discharge all its obligations under the judgment, the court would hold the allegations of the rule to evict to be true.
Nevertheless, Covington again failed to perform under the consent judgment, as a result of which, Visko’s, Inc. again instituted in the court in Jefferson a rule to enforce the judgment and evict Covington. On October 11, 1985, a judgment was rendered finding all the allegations of the original rule to evict to be true and ordering Covington to vacate the restaurant in Gret-na. Because Covington still persisted in its possession, Visko’s, Inc. obtained a warrant of eviction under which Covington was forcibly removed on December 30, 1985. Joseph Vuskovich resumed the operation of the restaurant, increasing its sales by 40 to 50% in the first year.
Despite the termination of the management agreement, Covington continued to use the name “Visko’s” and the service mark at its Jax Brewery establishment. In fact, on February 20,1986, it registered the name “Visko’s in the Jax Brewery” with the state of Louisiana. On April 30, 1986, Visko’s, Inc. sold and assigned to W.V., Inc., plaintiff/appellee herein, the exclusive right, title and interest in and to the trade-name “Visko’s” and all accompanying service marks owned by Visko’s, Inc. Joseph Vuskovich became the president of W.V., Inc., which subsequently re-registered the tradename with the state of Louisiana. On March 9, 1987, W.V., Inc. brought suit in the district court for the parish of Orleans to enjoin Covington’s continued trademark infringement and unfair competition. Pending trial, plaintiff moved for a preliminary injunction.
On April 3,1987, the district judge heard testimony from Joseph Vuskovich and one other witness on behalf of the plaintiff; no witnesses testified for the defendant. At the conclusion of the hearing, the trial judge granted the preliminary injunction, which defendant now appeals.
The question of whether a preliminary injunction shall be granted or denied is within the sound discretion of the trial court, whose decision will be disturbed on review only in cases where there has been a clear abuse of that discretion. Bonomolo v. HMC Management Corp., 477 So.2d 780, 782 (La.App. 4th Cir.1985). As the record clearly demonstrates, this is not such a case.
Defendant Covington acquired the right to utilize the tradename under the management agreement. According to the consent judgment, the consequence of defendant’s failure to perform timely all of its obligations as set out in the judgment would *136 be that all the allegations of the original rule to evict Covington would be taken as true. The object of the consent judgment, as is obvious from its terms, was the eventual sale of the restaurant to Covington. The judgment states that it replaces the purchase option in the original management agreement. Moreover, the obligations assumed by Covington under the judgment are normal prerequisites to a sale of property, such as the obtaining of a loan commitment from a real estate lender. Therefore, the judgment provides that when all of the obligations have been satisfied (i.e., the sale is accomplished), the management agreement will terminate, except for the survival of Covington’s rights under the section entitling it to use the trade name.
The obligations were never performed, however, as testified to by Joseph Vusko-vich. As a result, the October 11, 1985 judgment of the district court in Jefferson held that all of the allegations of the original rule to evict were true, one of those allegations being that the management contract was terminated due to Covington's default. Since the date of that judgment, Covington has had no right to use the trade name “Visko’s.” Plaintiff demonstrated through the testimony of Joseph Vuskovich that it was being injured by Covington’s continued use of the name at its Jax Brewery location because creditors were unfairly denying credit to plaintiff based upon Covington’s poor credit record. Covington failed to rebut this testimony. Therefore, the trial judge was correct in granting the preliminary injunction.
Covington’s arguments on appeal have no merit. First, defendant argues that Visko's, Inc. lost the right to use the tradename because it failed to renew its registration in 1984, and the registration therefore expired. See La.R.S. 51:216. Mr. Vuskovich testified, however, that he never received the renewal notice because Covington was operating the Gretna restaurant under the management agreement at the time it was sent, and thus it was Covington’s responsibility to either send in the form or forward it to him.
Moreover, under the law, the registration of a tradename confers only procedural rights; whereas the substantive rights of ownership are acquired through use. See: Dennis Miller Pest Control, Inc. v. Denney Miller, Jr. Pest Controls, Inc., 379 So.2d 801 (La.App. 4th Cir.1980), writ denied, 383 So.2d 25 (La.1980); Louisiana State Optical of Jefferson Parish, Inc. v. Louisiana State Optical of Kenner, Inc., 469 So.2d 994 (La.App. 5th Cir.1985), writ denied, 475 So.2d 1106 (La.1985).
Under La.R.S. 51:211 et seq., the “owner” of a trade name or trademark may register it with the Secretary of State. Plaintiff’s predecessor, Visko’s, Inc., has owned the name “Visko’s” since the early 1970’s. Defendant was never the owner of the name, but only a licensee allowed to use the name for the term of the management contract. Therefore, defendant’s registration in 1986 of the name “Visko’s in the Jax Brewery” was of no effect because the management contract having expired, defendant was not the owner of the name at that time.
Neither are we convinced by defendant’s argument that it acquired ownership of the name by being the first to use it in Orleans Parish. We are cognizant of the holding in Dynasty Room, Inc. v. Whiskey-A-Go-Go, Inc., 186 So.2d 402 (La.App. 4th Cir.1966), wherein this court held that where there are conflicting claims to the use of a trade name, use will be granted to the party that first employed the name in a particular market. However, that decision does not support defendant’s claim because in the instant case, the relevant market is the New Orleans metropolitan area, not Orleans Parish.
Finally, defendant argues that plaintiff will not prevail on the merits because plaintiff allowed “unrestricted” use of the name by defendant for approximately two years before filing suit. The case cited for this proposition is Givens Jewelers, Inc. v. Givens, 380 So.2d 1227 (La.App. 2d Cir. 1980), writ denied, 383 So.2d 800 (La.1980), which is totally inapplicable to the present facts. In Givens, two brothers established a business together and when they split up, *137 each continued to use the trade name. The court denied injunctive relief to the brother who had subsequently registered the name, reasoning that the exclusive right to use the name had never vested in either brother — neither had become the owner of the name because neither had any better right to it than the other. Under Louisiana law, however, the owner of a tradename always has the right to seek an injunction against the unauthorized use of that name by any other party. See La.R.S. 51:223. We know of no statute or jurisprudence holding that this right disappears merely because the unauthorized person has been using the name without interference for approximately two years.
Accordingly, for the reasons stated herein, we find that the trial judge did not abuse his discretion in granting the preliminary injunction, and therefore we affirm the judgment of the trial court.
AFFIRMED.