No. 3960

Second Circuit

TEFAS v. GATZOULAS ET AL.

(July 14, 1931. Opinion and Decree.)

M. C. Redmond, of Monroe, attorney for plaintiff, appellant.

Lester & Madden, of Monroe, attorneys for defendants, appellees.

WEBB, J. Plaintiff and defendants operate lunch stands in the city of Monroe, Louisiana, where they sell sandwiches and soft drinks; there is displayed a sign on the windows of each of the stands in which the words "Coney Island" are used, the respective signs reading as follows:

"CONEY ISLAND
5c
STAND
5c    SWEET MILK    5c
HOT DOGS
*   *   *
5c    CONEY ISLAND    5c
HOT DOGS
5c"
*   *   *

In the present action plaintiff alleged that the words "Coney Island" were used and adopted as a trade name under which he had operated his lunchstand over a long period prior to the time defendants had opened their stand; and that he, plaintiff, had built up and established a lucrative business under that name; and he sought to have defendants restrained from displaying the words "Coney Island" on their stand and to recover damages alleged to have been sustained from the wrongful use of the alleged trade name of plaintiff by the defendants.

Defendants denied plaintiff's allegations and pleaded that the words "Coney Island," as used, were descriptive of the food sold by each of the parties and could not be appropriated as a trade-name; and further, that, if plaintiff operated his lunchstand under the name of "Coney Island Stand," he did so in violation of Act No. 64 of 1918, and could not have acquired any proprietary right in said name. On trial judgment was rendered rejecting plaintiff's demands, and he appeals.

As appears, the basis of plaintiff's suit is that he had conducted his business under the trade-name of "Coney Island Stand," under which name he had built up and established a lucrative business, and that he had acquired a proprietary right in the name which he was entitled to protect as against defendants, who had subsequently opened a light lunchstand on which they had displayed a name similar to that adopted by plaintiff as his trade-name.

Passing any question as to the right of plaintiff to acquire a right of property in a trade-name without complying with the provisions of Act No. 64 of 1918, as amended by Act No. 303 of 1926, which prohibits anyone from conducting a business under any name other than the real name of the person owning the business, which was raised by the pleadings but not pressed here, we are of the opinion that the evidence shows that plaintiff could not appropriate the words "Coney Island" as a trade-name.

"Coney Island" is a geographical name, and it is generally held that such names cannot be appropriated as a trade-name. But aside from that, the evidence shows that the words "Coney Island" are commonly used by persons who operate lunchstands, such as that operated by the parties, and their patrons, as descriptive of an article of food or sandwich, which the evidence shows was sold by both plaintiff and defendants; and that such stands are commonly referred to as "Coney Island Stands."

We are therefore of the opinion that under the evidence, the words "Coney Island" should be considered as descriptive of the business in which plaintiff was engaged and of the class of food sold by him, and that such words could not be appropriated as a trade-name (R. C. L. vol. 26, p. 852, sec. 28), and that defendants, by displaying on their lunchstand the words "Coney Island," which, as shown by the evidence, related to the class of food sold by them, did not infringe upon any right of plaintiff.

The judgment appealed from is affirmed, at appellant's cost.