# KAY JEWELRY CO. OF CHATTANOOGA v. MORRIS et al., No. 6.—171 S. W. (2d) 410.

Eastern Section.   November 27, 1942.

Petition for Certiorari denied by Supreme Court, March 3, 1943.

Anderson, Claunch & Shumacker and C. C. Moore, all of Chattanooga, for appellant.

Spurlock & Spears, of Chattanooga, for appellees.

McAMIS, J.  The Kay Jewelry Company, a corporation, filed its bill to enjoin the defendants Morris, Fleming and Barrett, operating as a partnership, from using the trade name Ray Jewelry Company. The Chancellor declined to grant a preliminary injunction and finally concluded, after hearing proof, that the bill should be dismissed because one of the partners, Raymond Barrett, had a legal right to use his given name, Raymond, contracted to ''Ray'' as a nickname of long and continuous use. The complainant appealed.

The Chancellor made no finding upon the question of unfair competition arising out of the use by defendants of the name Ray Jewelry Company, either because of its alleged similarity to complainant's trade name or because of the alleged fraudulent intent to pirate complainant's business.

While we recognize the general right of a natural person to use his family name in conducting a business, we cannot agree with the learned Chancellor's conclusion that the right extends to the privilege of using a contraction of a given name to the detriment of another individual engaged in a competing business under the same or substantially similar name. The distinction is clear. The law requires the use of the surname in legal transactions and greater importance and sanctity are accorded family names. The modern innovation of using given names as a trade name, illustrated by such names as Bill's

Cafe, etc., appears not to have come to the attention of the courts but we think the same principles which guarantee natural persons the right to use the family name, subject to recognized limitations, may not be extended to given names or nicknames until, like other trade names, they have become well established and recognized by previous use.

We, therefore, conclude that complainant's right to injunctive relief must be left to depend upon the general principles governing such cases and not upon defendant's right to use the name ''Ray'' because it happens to be the nickname of one of the partners.

Complainant is one of a number of affiliated jewelry stores doing business under the nationally advertised name of Kay Jewelry. The name, it appears, was adopted because it was short and catchy and not because it bore any resemblance to the family name of the owners of the business. The store in Chattanooga was established in October 1939 and has since been extensively advertised by radio and newspaper advertisement. These advertisements featured the slogan ''It's O. K. to Owe Kay,'' its business consisting, in the main, of installment sales of moderately priced jewelry.

In October 1941 defendants opened a competitive business on the opposite side of Market Street in Chattanooga and about one and one-half blocks away from complainant's business. Defendant Barrett was placed in charge of the business and resided in Chattanooga. The other partners resided in Nashville where they were engaged in the jewelry business and had previously employed Barrett.

Mr. Barrett testified that he had long been known as Ray Barrett and this appears without dispute. He says

the name Ray Jewelry Company was selected partly because he had gone by that name and partly because it was short and catchy and easily remembered by the public. Any intention to assimilate complainant's trade name is disclaimed.

However, it is not necessary to prove that actual fraud was intended. Simmons Medicine Co. v. Mansfield Drug Co., 93 Tenn. 84, 119, 23 S. W. 165; Supreme Lodge, etc., v. Grand Lodge, etc., 2 Tenn. Civ. App. (2 Higgins), 429, 438. And the owner of an established trade name is entitled to an injunction against the innocent use by another of a name so similar in general appearance as to deceive the public and result in substantial loss or injury. See Robinson v. Storm, 103 Tenn. 40, 52 S. W. 880.

It is also the rule that it is unnecessary to prove that the public has actually been deceived by the similarity but it is the liability to deception and consequent injury which justifies an injunction and, if the court can see that confusion and deception are likely to result, it will not refuse injunctive relief because the damage has not already been done. Newcomer Co. v. Newcomer's New Store, 142 Tenn. 108, 217 S. W. 822.

Unfair competition, deception of the public and detriment to complainant's business are, in the absence of fraud or intentional wrong, the controlling considerations. Robinson v. Robinson, 9 Tenn. App. 103.

"Where the use of a similar name by another is sought to be enjoined, the ultimate question always is whether trade is being unfairly diverted, and whether the public is being cheated into the purchase of something which it is not in fact getting." Federal Securities Co. v. Federal Securities Corp., 129 Or. 375, 276 P. 1100, 66 A. L. R. 934.

■ In determining these questions the court will look to the identity or similarity of the names and the character. of business conducted by the respective parties; the extent of the confusion which may be created or apprehended and whether the similarity of names is such as to mislead a person using ordinary care and discrimination. See annotation, 66 A. L. R. 971, and Coca-Cola Co. v. Carlisle Bottling Works, 6 Cir., 43 F. (2d) 119.

■ In this case the articles dealt in by the parties are admittedly of the same type and character and are not of the type calling for careful discrimination by the buying public. Both engage in the practice of selling on time and complainant has emphasized this feature of its business by the slogan "It's O. K. to Owe Kay." Where the business is of a character not involving personal confidence in the vendor the tendency is for the public to be less discriminating and relief will be granted upon a showing of less similarity than in cases where the article sold is of great value or is associated with elements of skill, personal integrity or personal dealing because in the latter class of trade buyers may reasonably be expected to be less numerous and inclined to exercise greater care of selection. Federal Securities Co. v. Federal Securities Corp., supra.

■ As we have said, we find no direct evidence of fraudulent intent but this may be inferred from the similarity of the two names, the identity or proximity of the field of trade, the similarity and nature of the business and other like circumstances. Smith-Kline & French Co. v. American Druggists Syndicate, 2 Cir., 273 F. 84; Miller Rubber Co. v. Behrend, 2 Cir., 242 F. 515, 155 C. C. A. 291; Material Men's Mercantile Ass'n v. New York Material Men's Mercantile Ass'n, 169 App. Div. 843, 155

N. Y. S. 706, affirmed 224 N. Y. 670, 121 N. E. 878.

In this case the field of activity is identical, the type and method of doing business are the same and only a single letter of the alphabet differentiates the two names. Complainant was already in the field with an established business and defendant was notified in advance that objection would be made to the use of the name adopted. The proof fails to purge defendant of an improper motive and intent to be inferred from all the circumstances. The excuse assigned that "Ray" was chosen because one of the partners was known in Nashville by that name is not convincing. He was a newcomer to Chattanooga and was not known there.

An injunction should issue restraining the defendant from using the name "Ray" in connection with its Chattanooga business unless accompanied by a differentiating term. If defendants wish to use Mr. Barrett's surname in connection with the name "Ray," for example, they may do so. Adjudge costs against defendants.

Hale and Burnett, JJ., concur.