140 So.2d 912 (1962)
Joseph A. GALLO d/b/a Safeway Brake and Muffler Center
v.
SAFEWAY BRAKE SHOPS OF LOUISIANA, INC.
No. 449.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1962.
*913 Grodsky & Friedman, Marvin C. Grodsky, New Orleans, for plaintiff-appellant.
Defendant-appellee not present and unrepresented.
Before McBRIDE, SAMUEL and HALL, JJ.
LUTHER E. HALL, Judge pro tem.
Plaintiff-appellant prosecutes this appeal from a judgment rendered after trial on the merits by the Civil District Court for the Parish of Orleans which denied him injunctive relief and damages which he had sought under the provisions of LSA-R.S. 51:211 et seq. (as re-enacted by Act 235 of 1954) relating to Trade Marks and Trade Names.
Defendant-appellee made no appearance and filed no brief in this Court.
Plaintiff alleged in his petition that he had a proprietary right in the business name or mark "Safeway Brake and Muffler Center" by virtue of the registration thereof under the provisions of the cited Statute and that the defendant, Safeway Brake Shops of Louisiana Inc., was using a deceptively similar imitation thereof and that he had been and was being damaged thereby. He prayed that the actions of the defendant be enjoined and that he be awarded damages in the sum of $10,000.00 under the provisions of LSA-R.S. 51:223 (as reenacted).
The defendant filed a general denial and alleged a superior right in itself to the use of the mark "Safeway Brake" in connection with the business of vehicular brake and repair service.
The principal issue in this case is which of the two litigants has the paramount right to use the name or mark.
The facts are not controverted. They are best stated in chronological order.
The defendant is a Louisiana corporation which holds a franchise or license from a Pennsylvania corporation permitting its use of the name or mark "Safeway Brake Shops". The Pennsylvania corporation which we will call the parent-company was incorporated in July 1958 as "Safeway Brake Shops Inc." On May 8, 1959 the parent company filed an application in the United States Patent Office for registration of the "service mark" "Safeway Brake Shops" under the provision of the Lanham Trade-Mark Act of 1946 (15 U.S.C.A. § 1051 et seq). The affidavit which accompanied and which was made part of this application states that the first use of this mark by the applicant was on October 15, 1958. On the date of its application for registration the parent-company operated Safeway Brake Shops in Pennsylvania, New York and Maryland and in no other state.
Plaintiff testified that he has for many years been engaged in the business of selling brake linings, relining brakes, turning brake drums and general brake repair at the premises No. 600 Broad Street in the city of New Orleans where he also operated a gasoline service station. He further testified that in May 1959 he conceived the name "Safeway Brake and Muffler Center" with no knowledge whatever that the word "safeway" had ever been used anywhere at any time in connection with brakes or the brake service or repair business although he knew of the use of the word in connection with a local pest-control business.
In July 1959 plaintiff built a large shelter for his brake service operations, and commenced advertising his business under the name "Safeway Brake and Muffler Center" with hand-outs and subsequently by radio, picture-show, and booklet advertisements. His first newspaper advertisement of this mark or name appeared in the New Orleans newspapers on August 23, 1959 and his newspaper advertisement of this mark and his operations under it have been continuous since that date.
On December 20, 1959 the defendant's parent company advertised in the local newspapers seeking a local franchise buyer.
*914 On December 31, 1959 plaintiff registered his trade-name in the Conveyance Office of the Parish of Orleans, and on January 6, 1960 the Secretary of State of Louisiana issued to him a certificate of registration of his service mark under the provisions of LSA-R.S. 51:215 (as re-enacted). Plaintiff admits that he had seen the December 20, 1959 advertisement of the Pennsylvania Corporation prior to his registration, but states that he had consulted counsel looking toward protection of his mark before the appearance of the advertisement.
On January 19, 1960 the trade-mark application of defendant's parent company was published in the Official Gazette of the United States Patent Office as provided in 15 U.S.C.A. § 1062. An opposition was filed to this application by some California company and as a result thereof official registration of the parent company's service mark had up to the date of the trial below never been accorded by the Patent Office.
Sometime in February 1960 one Wallace Johnson, who later organized and became president of the defendant corporation, obtained a franchise from the parent company covering the use of the name "Safeway Brake Shops" in the State of Louisiana, and immediately assigned the franchise to the defendant corporation which was organized under the laws of Louisiana on February 23, 1960.
The first use in Louisiana by the defendant corporation was on March 13, 1960. Mr. Wallace Johnson, defendant's president, admitted that he had knowledge at this time of plaintiff's prior use of the name in this locality and had known it "since the latter part of '59".
On March 24, 1960 plaintiff warned defendant by letter that it was infringing on his registered mark, but when the defendant continued to use it, plaintiff filed this suit on May 12, 1960.
Since the statutes, both state and federal, relating to the registry of Trade-Marks and Trade-Names confer only procedural advantages and not substantive rights and confer no greater rights than exist at common law without registration (See 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 132 and 139) neither plaintiff's Louisiana registration nor defendant's lack of registration are decisive of the issue in this case. Their respective rights are to be determined by priority of appropriation by use.
"Undoubtedly the general rule, is that, as between conflicting claimants to the right to use the same mark, priority of appropriation determines the question." United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141.
Plaintiff was the first user of the mark in the State of Louisiana. Defendant's licensor was the first user of the mark considering the United States as a whole, but at the time plaintiff conceived and began to use the name in Louisiana in May 1959, defendant's licensor's prior use thereof was confined to the states of Pennsylvania, New York and Maryland and at the time plaintiff ran his first newspaper advertisement in August 1959 the defendant's licensor had no shops in Louisiana or in any of the states bordering thereonthe closest one at that time being in Tennessee.
Undoubtedly plaintiff conceived and used the mark without any knowledge whatever of its prior use by anyone anywhere in connection with the brake service and repair business.
As nearly as we can determine from the brief filed by defendant in the trial court, its defense of this action is based on the contention that by its first use in the Eastern portion of the United States it has preempted the name nationally, and that New Orleans was an area into which it would normally expand.
The general rule of law is expressed in 87 C.J.S. Trade-Marks, Trade-Names, and *915 Unfair Competition § 7 at page 235 as follows:
"The rule that as between conflicting claimants to the right to use the same mark priority of appropriation determines the question * * * does not mean that he who first employed the mark any place has the better right every place, but rather he who first employed the mark in a particular market has the better right in that market. It does not extend to a case where the same trade-mark is employed simultaneously by two persons in different markets separate and remote from each other; and so protection will not be afforded as against a subsequent user and appropriator, who in good faith adopts and uses the mark in territory into which the goods of the first appropriator have not penetrated and have not been used or sold, since where two users of the same or a similar trade-mark occupy essentially different territory, each is entitled to its exclusive use in his own territory as against the other, regardless of which was the earlier user * * *."
See also 52 Am.J. Verbo "Trade-Marks etc." Sec. 109 at page 587 and Sec. 27 at page 522; Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Theodore Rectanus Co. supra.
"As a general rule, the adoption of a trade-mark does not project the right of protection in advance of the extension of the trade, or operate as a claim of territorial rights over areas into which it thereafter may be deemed desirable to extend the trade * * *.
"The right to its exclusive use extends only to those markets where the trader's goods have become known and identified by his use of the mark; and so one who has acquired a trade-mark and used it in a limited territory ordinarily does not thereby acquire a prior right to its use in an entirely different territory." 87 C.J.S. "Trade-Marks, Trade-Names, and Unfair Competition" § 7 at page 234.
However there is some authority to the effect that the senior appropriator of a trade-mark or trade-name is entitled to a natural field of legitimate trade expansion and that his rights are protected over a territory which though not yet reached by actual commercial transactions on his part, may be reasonably expected to be within the normal expansion of the business. Other authorities deny this right of expansion. See Annotation in 148 A.L.R. at page 117.
Each case must be decided on its own factual situation and all we have in the instant case to support defendant's argument that New Orleans was an area into which it would normally expand is the statement by defendant's licensor in an affidavit made in April 1959 filed in connection with the application in the United States Patent Office that the licensor expected to expand its shops nationwide. In our opinion this "expectation" alone is insufficient to enable defendant's licensor to obtain a nationwide monopoly.
The validity of plaintiff's registration under the Louisiana Statute has not been challenged by the defendant, and as long as such registration is not challenged it is prima facie evidence of the registrant's ownership of the Mark registered and he is entitled to enjoin any infringement thereof and to damages. LSA-R.S. 51:222, 223 (as re-enacted).
For the foregoing reasons we are of the opinion that the trial court should have granted plaintiff injunctive relief.
We are further of the opinion that the defendant was in bad faith in using the *916 name or mark "Safeway Brake Shops" in connection with its operations in this locality knowing at the time it commenced business that plaintiff had already appropriated the name "Safeway Brake and Muffler Center" in this locality in connection with the same type of business. Plaintiff is entitled to damages. LSA-R.S. 51:222, 223 (as re-enacted).
Defendant opened two places of business in New Orleans, the second one being opened in November 1960 on the same street on which plaintiff's business was located. Defendant commenced advertising his service at a price cheaper than plaintiff's under the deceptively similar name which forms the subject of this dispute. Plaintiff testified that people came to his place of business with the defendant's advertisement thinking the businesses were associated and he was forced to meet the competition by lowering his price.
While we believe that the plaintiff suffered some damage from defendant's operations he has not offered clear and convincing evidence that the losses claimed by him are all attributable thereto. We are of the opinion that an award of damages in the sum of $1,000.00 should be adequate.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the plaintiff, Joseph A. Gallo d/b/a Safeway Brake and Muffler Center, and against the defendant, Safeway Brake Shops of Louisiana, Inc., enjoining and restraining said defendant from using in the state of Louisiana without the consent of plaintiff the name or mark "Safeway Brake Shops". It is further ordered, adjudged and decreed that there be judgment herein in favor of said plaintiff and against said defendant in the full sum of $1,000.00 together with legal interest thereon from date of judicial demand until paid, said defendant to pay all costs in both courts.
Reversed and rendered.