REGAN, Judge.
Plaintiff, Car Care, Inc., a corporation engaged in the sale of automobile accessories and in the repair thereof, instituted this suit against the defendants, D. H. Holmes Company, Limited, and B. F. Goodrich Company, endeavoring to enjoin them from operating and advertising a competitive business under the trade name of “Car Care Center”. Plaintiff asserted that the defendants jointly organized their enterprise and selected a name similar to its own in a fraudulent effort to capitalize on plaintiff’s established reputation and, therefore, requested the rendition of a judgment in the amount of $20,000.00, representing damages for the loss it incurred as a result thereof.
The defendants answered and admitted the creation of two automobile repair and maintenance shops which compete with the plaintiff; however, they aver that the trade name used is “D. H. Holmes Car Care Center” and that the words, or phrase, “Car Care”, is descriptive of the nature of the business being conducted, thus the plaintiff possesses no right to appropriate them to his exclusive use.
From a judgment enjoining defendants from using the name “Car Care Center” in its business and advertising in Orleans and Jefferson Parishes, they have prosecuted this appeal.
Plaintiff was incorporated in July of 1958 as Car Care, Inc., and has been engaged since that time in the business of repairing automobiles and selling accessories therefor. Plaintiff’s shop is present *274 ly located in 1335 Airline Highway. Several years ago it also operated from another store located in Orleans Parish; however, due to difficulties which the corporation encountered in obtaining efficient management therefor, plaintiff’s officers decided to limit its operation to the Airline store.
Gilbert M. Bleifeld, plaintiff’s president, testified that the reputation of its business was created at a cost of thousands of dollars through advertising extensively in the newspapers and through the medium of radio, television, and direct mail solicitation.
0'n January 11, 1963, D. H. Holmes Company announced the formal opening of two ■“Car Care Centers”, one of which is located in the Veterans Highway in Jefferson Parish and the second, at the corner of N. Rampart and Bienville Streets in downtown New Orleans. Practically speaking, these centers offer the same services and .automotive accessories for sale as the plaintiff.
Plaintiff’s president testified that as a result of the defendants’ advertising and the conduct of its business under the trade name of “Car Care Center”, the general public has confused the D. H. Holmes operation with Car Care, Inc., causing plaintiff to lose business as. a result thereof.
Plaintiff particularly objects to the defendants’ use of the words, “Car Care” as part of its trade name, asserting that both newspaper advertising- and the signs on their respective stores are so designed as to mislead the public and to capitalize on the plaintiff’s reputation.
There are photographs in evidence which depict the appearance of both stores operated by the defendants,and the one operated by the plaintiff. With reference to the defendants’ downtown location, the name “D. H. Plolmes Car Care Center” appears in three places, and in each instance the lettering designating the title of “D. H. Holmes” is much more prominent than the phrase of “Car Care Center”. With reference to the Veterans Highway store, there appears a prominent sign in front of the building bearing the name of “D. H. Holmes”. On the front of the building the name of “D. H. Holmes” again appears in conspicuous letters. On the side thereof where cars are serviced, the words “Car Care Center” appear in less noticeable print.
The plaintiff’s establishment merely bears the name of “Car Care” in two rather obvious places.
In their newspaper advertising, the defendants have clearly indicated that the Car Care Centers are an operation of D. H. Holmes, a very well known department store which has existed as such in the City of New Orleans for more than a century. It is true that in some instances “Car Care Center” appears in bold face type; however, the name “Holmes” is of sufficient prominence to be emphatically identified with the business at first glance.
The only question which this appeal has posed for our consideration is whether the plaintiff is entitled to the use of the words “Car Care” to the exclusion of any competitor conducting an identical or similar business in the same general area.
It is a well settled general principle of law that no word or phrase, descriptive of a particular business or the services performed in connection therewith, may be exclusively appropriated by one firm. The following exception to this general rule was enunciated by the author of the opinion in Home Beverage Service v. Baas,[1] wherein the Court included in its decision the following reasoning, which, emanated from Barton v. Rex-Oil Co. [2]:
“But a descriptive name, though not originally capable of exclusive appropriation, may, by use and association with a commodity, obtain a secondary signification denoting that goods bear *275 ing it come from one source, and thus a superior right to its use may be acquired by the person who first adopted it. Inasmuch as no absolute ownership in or exclusive right to use such name as a trade-mark is vested in anyone, the rights obtained by the first user are not infringed by the mere use of such mark by a competitor, even though such use be in association with competing goods. If this were the whole law of the subject the matter would be easy. But just here arises another body of law, that of unfair competition. * * * Accordingly, the second user becomes an infringer only when he makes an unfair use of the mark. Not any competition, but only unfair competition on the part of such user is actionable. * * * ”
Plaintiff initially contends that the words “Car Care” are not descriptive of the business it conducts, but rather an ingenious phrase upon which the defendants have endeavored to capitalize.
We are unable to agree with this assertion. We are of the opinion that both words, in common usage, describe precisely the businesses in which the litigants engage.
In the Home Beverage Service case, cited supra, that corporation was engaged in the residential delivery of bottled beverages, and it endeavored to enjoin a competitor from using the title “Victory Home Beverage Service”. The court therein expressed the opinion that the words “Home Beverage Service” were merely descriptive , of the respective businesses. The rationale thereof fully supplies the guide to our conclusion that the words “Car Care” are merely a descriptive phrase, which the plaintiff is not entitled to appropriate exclusively to its own use.
We now turn our attention to providing an answer to the second question of whether the defendants, in adopting the phrase “Car Care Center”, engaged in unfair competition in that they endeavored to capitalize on a name established by the plaintiff.
To reiterate, the evidence fully discloses that the defendants operate under the trade name of Holmes Car Care Center, and in creating this business, unusual emphasis was placed upon the name of “Holmes” for very obvious reasons. The plaintiff’s firm is a relatively small corporation, and the record is devoid of any significant evidence which would even tend to reveal that it has lost any business as a result of the defendants’ operation. In addition thereto, we are logically forced to believe that use of the name “Holmes” is more than amply sufficient to distinguish the business of the defendants from that which is operated by the plaintiff under the title of “Car Care,. Inc.”
In view of what we have said here-inabove, we are led to the inevitable conclusion that the trial court improperly-granted the preliminary injunction prohibiting the defendants from doing business, and advertising as “Car Care Centers” in; Orleans and Jefferson Parishes.
For the reasons assigned, the judgment appealed from is reversed, and it is now-ordered, adjudged, and decreed that the-preliminary.injunction be dissolved. Plaintiff is to pay all costs incurred as a result of this litigation.
Reversed.

. 210 La. 873, 28 So.2d 481.

. 3 Cir., 2 F.2d 402, 40 A.L.R. 424.