273 So.2d 871 (1973)
UNITED DISTRIBUTORS, INC., Plaintiff-Appellant,
v.
UNITED DISTRIBUTING OF SHREVEPORT, INC., Defendant-Appellee.
No. 12004.
Court of Appeal of Louisiana, Second Circuit.
February 6, 1973.
Rehearing Denied March 6, 1973.
Johnston, Johnston & Thornton by James J. Thornton, Jr., Shreveport, for plaintiff-appellant.
Hargrove, Guyton, VanHook & Ramey by Thomas J. Wyatt, Shreveport, for defendant-appellee.
Before AYRES, PRICE and HEARD, JJ.
En Banc. Rehearing Denied March 6, 1973.
HEARD, Judge.
United Distributors, Inc. brought this action against defendant, United Distributing of Shreveport, Inc., seeking (1) a declaratory judgment decreeing that the use of defendant's name is deceptively similar to that of plaintiff and thus violative of LSA-R.S. 12:23 and 12:303; (2) a writ of injunction restraining and prohibiting defendant from further use of its name; and (3) damages of $10,000 and attorney's fees. United of Shreveport filed an exception of no cause of action which was sustained by the trial court without assignment of written reasons. Plaintiff, United Distributors, appealed.
*872 United Distributors is a Louisiana corporation, incorporated in 1944, doing business in Louisiana, Texas, and Mississippi. United of Shreveport was incorporated in Texas in 1965, as Reed Distributing Company, Inc., and changed to its present name in 1970. Defendant is authorized to do and is doing business in Louisiana, with its principal place of business in Shreveport. Both corporations are wholesale distributors of appliances, their only difference being the brands sold.
Defendant's exception is based on two independent grounds: (1) that the names are not deceptively similar as a matter of law, since the terms "United," "Distributor," and "Distributing" are descriptive and in the public domain, and (2) the term "of Shreveport" is a distinguishing term as provided by LSA-R.S. 12:303. In support of its first contention, United of Shreveport relies upon Title & Mortgage Guarantee Co. v. Louisiana Abstract & Title Guarantee Co., 143 La. 894, 79 So. 529 (1918). That case, also decided on an exception, involved the words "title guarantee". Our Supreme Court followed the general rule and held the term was descriptive of the kind of businesses involved and therefore could not be exclusively appropriated. [See 87 C.J.S. Trade-Marks, etc., § 33, p. 267]. Later cases have applied this rule and found such terms and names as "Home Beverage Service," Home Beverage Service v. Baas, 210 La. 873, 28 So. 2d 481 (1946), "Paint Shop," White v. White, 68 So.2d 648 (La.App.1st Cir. 1953), "Car Care", Car Care, Inc. v. D. H. Holmes, 160 So.2d 272 (La.App.4th Cir. 1964) and "Coney Island", Tefas v. Gatzoulas, 17 La.App. 276, 135 So. 693 (2d Cir. 1931) to be generic terms merely indicative of the businesses to which they applied and not subject to appropriation.
In determining whether or not plaintiff's pleadings have stated a cause of action, it is unnecessary to decide the question of descriptiveness. While recognizing the above rule, we may assume that because of its long usage by plaintiff, the name "United Distributors" had acquired a secondary meaning, identifying his particular business exclusively, and a superior right to its use entitled to protection where defendant was guilty of unfair competition. Home Beverage Service, supra; Straus Frank Company v. Brown, 246 La. 999, 169 So.2d 77 (1964). In Straus our Supreme Court held it necessary to establish fraud on the part of the party who has adopted a trade name similar to one which has acquired a secondary meaning in order that he may be enjoined from use of the similar name, and the burden of establishing that fraud is upon plaintiff.
In the instant case plaintiff alleges in his first supplemental and amending petition:
"Petitioner avers on information and belief that defendant knowingly chose a deceptively similar name to that of petitioner in an effort to gain additional business through the confusion of the names."
We find that this allegation is sufficient to entitle plaintiff to proceed to a trial on the merits.
For the reasons cited, the judgment of the trial court sustaining the exception of no cause of action is reversed, and remanded to the trial court for further proceedings.
Appellees are assessed with costs.