363 So.2d 1306 (1978)
SADIE'S, INC.
v.
Sandi HITCHCOCK and Kris Cleveland d/b/a Sexy Sadie's.
No. 9409.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
Rehearing Denied November 20, 1978.
*1307 Gertler & Gertler, M. H. Gertler, New Orleans, for plaintiff-appellant.
Before REDMANN, LEMMON and BEER, JJ.
BEER, Judge.
Plaintiff-appellant, Sadie's, Inc., owns and operates two established ladies' clothing boutiques in Orleans and Jefferson Parishes. Defendants are the recent owners and operators of Sexy Sadie's, a similar type boutique located in Jefferson Parish. Plaintiff sought preliminary injunctive relief and damages, alleging that Sexy Sadie's was a deceptively similar name and thus constituted an unfair trade practice. After a hearing on the rule for injunctive relief, judgment was rendered from the bench in favor of defendants without written reasons. Plaintiff appeals. Appellee did not file a brief, and the matter has been submitted without oral argument.
The record confirms that Sadie's, Inc. has been in business for twelve years, and that Sadie is the owner's given name, duly registered as a trade name. "Sexy Sadie's," which was changed from "Casual Ms" in July of 1977, approximately one month after the business was purchased by defendants, allegedly derives its name from the song, "Sadie, Sadie, Married Lady," and was not an intentional imitation of "Sadie's, Inc."
Plaintiff's attorney testified that he mailed a certified letter of protest to defendants on November 10, 1977, objecting to the use of the deceptively similar trade name, but defendants denied receipt of same. The sender was unable to produce a return receipt.
Although plaintiff's considerable prior use of the owner's given name, "Sadie," is not contested, priority of appropriation by use is not decisive of a party's exclusive proprietary interest in a trade name.[1] Only the subsequent appropriation of a deceptively similar trade name is prohibited,[2] and priority of appropriation does *1308 not entitle the prior user to injunctive relief unless his trade name has been so exclusively identified with his business as to indicate his business alone.[3] Appellant emphasizes her property right in her own name, citing White v. White, 68 So.2d 648 (La.App. 1st Cir. 1953), cert. denied February 15, 1954. However, the White case is inapposite, as proprietary interest in a surname is not at issue. ". . . The same principles which guarantee natural persons the right of use of the family name, subject to recognized limitations, may not be extended to given names or nicknames until, like other trade names, they have become well established and recognized by previous use."[4] Even so, a property right may exist in a name used over a considerable period of time in which business has been conducted and under which good will and reputation have been established. However, the burden of proof of secondary meaning rests on the plaintiff. United Distributor's, Inc. v. United Distributing of Shreveport, Inc., 273 So.2d 871 (La.App. 2nd Cir. 1973). Thus, mere showing of use of a trade name for twelve years (including recordation of articles of incorporation and a certified trademark) does not conclusively establish the existence of secondary meaning or the public's exclusive identification of plaintiff owner's given name with her clothing outlets.
Assuming proprietary interest in the trade name "Sadie," it is a prerequisite to granting injunctive relief that intentional misrepresentation be established on the part of the defendant. The burden of proof is, again, upon the plaintiff. Straus Frank Company, supra; accord, Metalock Corporation, supra.
Plaintiff's owner testified that she received some inquiries from customers with regard to the relationship between her business and that of defendants, but no evidence of misrepresentation or deception was presented. The evidence of confusion was minimal, and the trial court may disregard circumstances of minimal confusion which are clarified by the defendant.
We conclude that the trial court has not manifestly erred, and the judgment is, accordingly, affirmed. Each party shall bear its own cost of this appeal.
AFFIRMED.
LEMMON, Judge, concurs and assigns reasons.
I am inclined to the view that likelihood of confusion, rather than actual fraud or misrepresentation, should be the proper standard for granting injunctive relief, notwithstanding the language of Straus Frank Co. v. Brown, above, especially when the trade name does not involve the second user's given or family name. See La.L.Rev. 529, footnote 125 (1977); T.G.I. Friday's, Inc. v. International Restaurant Group, Inc., 405 F.Supp. 698 (M.D.La.1975).[1] This case, however, does not reach that problem.
This record fails to establish either likelihood of confusion or actual misrepresentation. There is no credible evidence of loss of customers, confusion of customers, reduction of plaintiff's business, or misrepresentation on defendants' part. By either standard injunctive relief was properly denied.
NOTES
[1] Couhig's Pestaway Company, Incorporated v. Pestaway, Inc., 278 So.2d 519 (La.App. 3rd Cir. 1973). Metalock Corporation v. Metal-Locking of Louisiana, Inc., 260 So.2d 814 (La.App. 4th Cir. 1972), writ denied, 262 La. 189, 262 So.2d 788 (1972).
[2] LSA-R.S. 12:23. Registration of a trade name under LSA-R.S. 51:222 and 223, as amended by Acts 1968, is prima facie evidence of registrant's ownership of the mark and her procedural right to enjoin use of the name by a newcomer. Gallo v. Safeway Brake Shops of Louisiana, Inc., 140 So.2d 912 (La.App. 4th Cir. 1962). In the case at bar, plaintiff's statutory right of injunction did not vest until after defendants had commenced operating under the trade name "Sexy Sadie's."
[3] 87 C.J.S. § 90 Trade Marks, Trade Names and Unfair Competition, pp. 321-22; Cf. Straus Frank Company v. Brown, 246 La. 999, 169 So.2d 77 (1964).
[4] 87 C.J.S. Trade-Marks, Etc. § 107, p. 363; citing Kay Jewelry Company of Chattanooga v. Morris, 26 Tenn.App. 285, 171 S.W.2d 410 (1942).
[1] For application by analogy, R.S. 51:212(6) prohibits registration of a trade name which so resembles an unabandoned trade name previously used by another "as to be likely . . . to cause confusion or mistake or to deceive".