^ARMSTRONG, Judge.
This is an appeal from the dismissal of a suit seeking an injunction against alleged tradename infringement. The present law in Louisiana is that there must be proof of fraud on the part of the defendant to obtain such an injunction. The plaintiff-appellant agrees that it has not even alleged that there was any fraud by the defendant-appellee in this case. Therefore, we affirm.
Plaintiff-appellant Gulf Coast Bank has been operating as a bank under that name since 1970 and filed documents with the Louisiana Secretary of State in 1984, pursuant to La.R.S. 51:211 et seq., seeking to protect its tradename “Gulf Coast Bank.” Plaintiff-Appellant has a good reputation and, consequently, its name is valuable to it.
In 1990, defendant-appellee, which also is a bank, began doing business under the name “Gulf Coast Bank and Trust”. At that time, the principals of defendant-appel-lee did not even know of plaintiff-appellant, and were not attempting to interfere with plaintiff-appellant’s business or to capitalize on the plaintiff-appellant’s goodwill or marketing efforts. Indeed, plaintiff-appellant agrees with this and has not even alleged fraud.
After filing the present suit in 1992, plaintiff-appellant moved 'for summary judgment seeking an injunction to bar defendant-appellee from the alleged trademark infringement. The defendant-appellee filed a cross-motion for summary judgment seeking dismissal of the suit. The trial court granted the defendant-appellee’s cross-motion and denied the plaintiff-appellant’s motion and dismissed the case.
2The parties raise a number of issues but one is clearly and immediately dispositive of this appeal. Our Supreme Court has held that, in order to obtain an injunction to bar tradename infringement, the plaintiff must prove fraud on the part of the defendant.
The central issue in this case, however, presents the legal question: Is it necessary to establish fraud on the part of a party who had adopted a trade name similar to one which has acquired a secondary meaning [i.e. a meaning identifying the plaintiffs business] in order that he may be enjoined from the use of the similar name?
******
In this state it is a prerequisite to injunc-tive relief that fraud be established on the part of the defendant and the burden of establishing that fraud is upon the plaintiff. The law has always been reluctant to presume fraud.
Straus Frank Co. v. Brown, 246 La. 999, 169 So.2d 77, 80 (1964) (followed in Sadie’s Inc. v. Hitchcock, 363 So.2d 1306 (La.App. 4th Cir.1978)). As the plaintiff-appellant agrees that it has not even alleged fraud, it is clear that this action was properly dismissed.
Plaintiff-appellant cites several commentaries criticizing the Straus Frank decision and the requirement of proving fraud in order to enjoin a tradename infringement. See Note, What’s in A Name?—Louisiana’s Protection of Tradenames: Elle, Ltd. v. Elle Est., 41 La.L.Rev. 1389, 1394-95 (1981); Julian Clark Martin and Jack R. Springgate, Protection Of A Businessman’s Proprietary Information, 32 La.L.Rev. 497, 526 N. 125 (1972); R. Callman, the Law of Unfair Competition, Trademarks and Monopolies § 77.1 at 343-44 (1970) (cited in Note, supra.)
However, we are not at liberty to ignore' a decision of our Supreme Court and so we *684 must apply Straus Frank regardless of any criticism of that decision. See Merit Industrial Constructors, Inc. v. JE Merit Constructors, Inc., 663 So.2d 1008, 1013 n. 5 (La.App. 1st Cir.1990) (noting criticism of Straits Frank decision but noting that if it is bound to follow that decision as the latest Supreme Court case); Vision Center v. Opticks, 596 F.2d 111, 118 and n. 19 (5th Cir.1979) (same).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
BARRY, J., concurs with reasons.
LOBRANO, J., concurs.