HOLSUM BAKERIES, INC.

v.

GENERAL BAKING COMPANY.

Civ. A. No. 14413.

United States District Court
E. D. Louisiana,
New Orleans Division.
April 23, 1964.

J. Mort Walker, Jr., and Charles Rosen, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff.

Stephen B. Lemann, B. P. Sullivan, Jr., and Richard P. Wolfe, Monroe & Lemann, New Orleans, La., for defendant.

FRANK B. ELLIS, District Judge.

This matter originated in the Civil District Court for the Parish of Orleans, Louisiana, as a Petition for a Writ of Injunction, on March 26, 1964. Defendant removed the action to this court under 28 U.S.C.A. § 1441(a) on April 3, 1964, and it was heard on motion of plain-

tiff for preliminary injunction, Federal Rules of Civil Procedure, Rule 65, 28 U.S.C.A. The following facts give rise to this controversy.

Both parties are bakeries in the City of New Orleans. On November 16, 1963, plaintiff acquired the bakery facilities and routes formerly owned and operated by the Ward Baking Company. Ward granted plaintiff the right to use its trademark "Tip-Top" for a period of six months from the date of the sale.

On November 19, plaintiff made its final decision that after the expiration of the six-month period it would use "Mrs. Carl's" for its trademark. Plaintiff selected April 6, 1964, as the date of first sale of its "Mrs. Carl's" bread, such initial date being known in the trade as the "break" or "breaking of the campaign", and had planned to commence the sale of Mrs. Carl's bread in a blue gingham wrapper.

On March 25 plaintiff learned that defendant intended to commence the distribution, on the following day, of "Mrs. Colton's" bread in New Orleans. Plaintiff notified defendant that it intended to take every possible means to protect the trademark "Mrs. Carl's" from infringement, accelerated its activities and both products reached the market simultaneously.

█ Plaintiff moves this court for a preliminary injunction restraining defendant from unfairly competing with plaintiff by using the tradename "Mrs. Carlton's", or any tradename deceptively similar to plaintiff's tradename "Mrs. Carl's". Both parties agree that the Lanham Act, 15 U.S.C.A. § 1051 et seq. is inapplicable and that the law of Louisiana governs.

During the hearing of the matter it was indicated that one Bert Hall, formerly a sales manager in plaintiff's corporate structure, defected to defendant taking with him a knowledge of all of plaintiff's proposed plans for its "Mrs. Carl's" bread. Thus it would be apparent, if such were the case, that the transactions leading to the production of defendant's "Mrs. Carlton's" bread was fraught with overtones of questionable trade practices.

If such were the case, this court would be prone to grant the injunction prayed for, based solely upon ethical and moral considerations, but in Louisiana, there is positive written law to be applied and this court is, perforce, dominated by such and must determine the application for preliminary injunction on that law alone. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

In Louisiana, infringement is use without the consent of the registrant of a colorable imitation of a trademark in connection with the sale of any goods which is likely to cause confusion or mistake or to deceive as to the source or origin of such goods, LSA–R.S. 51:222. "Used" as defined in the Louisiana Trade Marks and Trade Names Act, occurs when a trademark "is placed in any manner on the goods or their containers or on the tags or labels affixed thereto and *such goods are sold or otherwise distributed in this state*," LSA–R.S. 51:211 (E) (Italics supplied).

██ The evidence revealed that defendant's product was marketed on March 26, 1964, simultaneously with plaintiff's and that while plaintiff's trademark had been registered, it had not been "used" prior to that time. Therefore, the dispositive question is not who is first to the courthouse, but rather, who is first to the market place. It is a race to the market place. "When two or more persons use the same trademark, that person who first affixes the designation to goods as his trademark and so sells them is entitled to its exclusive use," Restatement of Torts, Section 717, Comment f. The application of this rule should follow *a fortiori* in cases involving not the same trademark but similar trademarks. See Gallo v. Safeway Brake Shops, Inc., of La., La.App., 140 So.2d 912, and authorities cited therein.

Thus the Court has no alternative but to decline the motion for a preliminary injunction.

So ordered.